IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SHARLOTTE ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-CV-68-RWS-JBB |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the Court are Plaintiff Sharlotte Allen's objections (Docket No. 13) to the Magistrate Judge's Report and Recommendation (Docket No. 12) ("R&R"). Plaintiff filed this civil action pursuant to the Social Security Act ("the Act"), Section 405(g), seeking judicial review of the Commissioner's denial of Plaintiff's application for social security benefits. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

## BACKGROUND

On August 16, 2023, the Administrative Law Judge ("ALJ") issued a decision, finding Sharlotte Allen ("Plaintiff") not disabled. Docket No. 6 ("Tr.")[1] at 11–26. Applying the five-step sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity from the application date, October 5, 2020. *Id.* at 16. The ALJ found Plaintiff had the following severe

---

[1] Defendant Commissioner of Social Security filed a certified electronic copy of the administrative transcript as the answer to Plaintiff's complaint. Docket No. 6; *see* Docket No. 6-1 (certification); Docket No. 6-2 (transcript index) Docket No. 6-3 (transcript pages 1–61); Docket No. 6-4 (transcript pages 62–93); Docket No. 6-5 (transcript pages 94–187); Docket No. 6-6 (transcript pages 188–205); Docket No. 6-7 (transcript pages 206–295); Docket No. 6-8 (transcript pages 296–719). The Court hereby refers to all of Docket No. 6 and its exhibits as "Tr." while using the pagination of the transcript.

impairments: schizophrenia, major depressive order, hypertension, obesity, type 2 diabetes mellitus. *Id.* at 16–17. The ALJ then determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I. *Id.* at 17–19.

After considering the record, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a limited range of medium work.[2] *Id.* at 19–24. The ALJ noted Plaintiff was able to perform only "simple tasks in a routine work setting; is able to perform simple work-related decisions; and is able to interact with supervisors, coworkers, and the public on an occasional basis." *Id.* at 19. The ALJ determined Plaintiff was "unable to perform any past relevant work." *Id.* at 24. Considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found Plaintiff was capable of performing jobs (laundry, hand packager, and industrial cleaner) that existed in significant numbers in the national economy. *Id.* at 25–26. The ALJ found Plaintiff was not under a disability, as defined in the Act, at any time from her alleged onset date through the date last insured. *Id.* at 26.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of the Court's review pursuant to 42 U.S.C. § 405(g).

On August 15, 2025, the Magistrate Judge entered a Report and Recommendation, recommending the above case be affirmed. Docket No. 18. After setting out the applicable law and the ALJ's findings, the Magistrate Judge considered Plaintiff's two issues (the ALJ's RFC

---

[2] Medium level work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." Social Security Ruling ("SSR") 83-10.

assessment is not supported by substantial evidence and the ALJ's assessment of Plaintiff's mental limitations is not supported by substantial evidence), finding both without merit.

On May 10, 2024, Plaintiff filed this case seeking judicial review of the Commissioner's decision. Docket No. 1. Both parties filed briefs. Docket Nos. 10, 11. The Magistrate Judge entered an R&R on August 15, 2025, finding both of the issues Plaintiff presented for review to be without merit. Docket No. 12 (considering (1) the ALJ's RFC assessment is not supported by substantial evidence and (2) the ALJ's assessment of Plaintiff's mental limitations is not supported by substantial evidence); *see* Docket No. 10 at 1. Plaintiff filed objections to the R&R on August 29, 2025. Docket No. 13.

## LEGAL STANDARD

**I.   Review of the Magistrate Judge's Report and Recommendation**

The Court must conduct a *de novo* review of all portions of the Magistrate Judge's report and recommendation that a party has properly objected to. *See* 28 U.S.C. § 636(b)(1)(C) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As to any portion for which no objection is filed, the Court reviews for clearly erroneous factual findings and conclusions of law. *Poe v. Bock*, No. EP-17-CV-00232-DCG, 2018 WL 4275839, at *2 (W.D. Tex. Sept. 7, 2018) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); also citing *St. Aubin v.*

*Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006) ("A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole.")).

## II.     Review of the Commissioner's Decision

"Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied." *L. v. Kijakazi*, No. 4:21-CV-02407, 2022 WL 4543200, at *2 (S.D. Tex. Sept. 28, 2022) (citations omitted). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)) (citations omitted). It is "more than a scintilla but less than a preponderance." *Kijakazi*, 2022 WL 4543200, at *2 (quoting *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quotations omitted). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek*, 587 at 103.

Courts weigh four elements of proof to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Kijakazi*, 2022 WL 4543200, at *2 (quoting *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995))).

"A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision." *Id.* (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). Even so, the "substantial evidence" standard is "not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings." *Id.* (citing *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985)). A reviewing court must still "scrutinize the record as a whole, taking into account

whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings." *Id.* (citing *Singletary*, 798 F.2d at 823). "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Id.* (quoting *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009)).

**III.   Social Security Evaluation Process**

In evaluating a disability claim, the ALJ conducts a five-step sequential analysis to determine whether: "(1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–448 (5th Cir. 2007). The plaintiff bears the burden of proof in establishing he has a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ and the Social Security Administration to show that there is other substantial work in the national economy that the plaintiff is capable of performing. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F. 3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1); *see Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018).

The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–603 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). "The well-settled rule in this Circuit is that in making a determination as to disability, the ALJ must

analyze both the disabling effect of each of the claimant's ailments and the combined effects of all of these impairments." *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) (internal citations and quotation marks omitted). To be clear, however, while ALJs must consider the combined effect of both severe and non-severe limitations, "the ALJ does not have to include those limitations in the RFC if there is insufficient evidence that they produce limiting effects." *Boller v. Comm'r, SSA*, No. 4:21-CV-01001-SDJ-CAN, 2022 WL 18586837, at *8 (E.D. Tex. Dec. 12, 2022), *R&R adopted*, 2023 WL 1765909 (E.D. Tex. Feb. 3, 2023) (quoting *Sistrunk v. Kijakazi*, No. 3:21-CV-413, 2022 WL 3045315, at *2 (S.D. Miss. Aug. 2, 2022); also citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (explaining that the ALJ is not required to incorporate limitations in the RFC the ALJ finds unsupported by the record)).

Although an ALJ is not permitted to "play doctor" when calculating a plaintiff's RFC, if a claimant's medical records contain evidentiary conflicts, it is for the Commissioner—not the courts—to resolve those conflicts. *See McBride v. O'Malley*, No. 4:22-CV-985-SDJ-KPJ, 2024 WL 1505745, at *2, *4 (E.D. Tex. Mar. 6, 2024), *R&R adopted*, 2024 WL 1308001 (E.D. Tex. Mar. 1, 2025). In fact, when conflicting medical reports exist, an "ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Hollinger v. Kijakazi*, 857 F. App'x 213, 214 (5th Cir. 2021) (quoting *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995)). Substantial evidence for the ALJ's RFC determination is all that is required. *Id*.

Further, an ALJ does not need a " 'positive statement' or 'positive evidence' from a medical source indicating that a plaintiff could perform the exertional demands indicated by the ALJ's RFC assessment." *Myers v. Saul*, No. SA-20-CV-00445-XR, 2021 WL 4025993, at *5 (W.D. Tex. Mar. 14, 2025). Instead, where no medical opinion has been provided or where the ALJ rejects all

Page **6** of **12**

medical opinions of record, the court's inquiry focuses on whether the decision is supported by substantial evidence in the existing record. *Id.*

## ANALYSIS

On appeal, Plaintiff challenges the Commissioner's decision that she is not disabled because she can perform a limited range of medium work. Plaintiff objects to the R&R on the basis that "the ALJ erred in failing to find limitations with plaintiff's hands [] would prevent medium work." *See* Docket No. 13 at 1. Focusing on Plaintiff's hearing testimony regarding her hand impairments and the findings of the consultative examiner, Plaintiff argues the ALJ erred in finding she could perform the requirements of representative occupations such as laundry, hand packager, and industrial cleaner, all of which would require Plaintiff to use her hands on a regular basis. *Id*. at 2–3.

At the hearing, the ALJ noted Plaintiff raised several physical issues that "were not present [] when [she] first reviewed [Plaintiff's] case, and they seem significant." Tr. at 55. Specifically, Plaintiff testified she could not lift more than five pounds, and she complained of carpal tunnel that allegedly required surgical intervention. *See id.* at 46, 50. Because of these complaints, the ALJ sent Plaintiff for a consultative medical examination. Dr. Frank Reuter conducted a consultative examination on Plaintiff on March 30, 2023. Tr. at 710–719.

In his report, Dr. Reuter noted Plaintiff reported her main problems as her hands and arthritis in her right knee. *Id.* at 710. Plaintiff reported having difficulty doing hair and nails because her hands feel numb. *Id.* Plaintiff reported being able to watch her grandchildren occasionally as needed, and being able to do housework such as sweeping, mopping, cooking, and washing dishes. *Id.* Plaintiff reported feeling bad because she was out of her medications. *Id.* Plaintiff further reported that her hands hurt, with her left hand hurting the worst. *Id.* at 711.

Upon examination, Dr. Reuter noted Plaintiff moved about the office without difficulty, and she was able to pick up a paperclip with either hand. *Id.* Dr. Reuter further noted Plaintiff's grip strength was good bilaterally and that her fine motor movements were fair on the right but poor on the left. *Id.* Dr. Reuter indicated Plaintiff could barely make a closed fist with the right hand and had difficulty making a closed fist with the left hand. *Id.* Dr. Reuter's impressions included the following:

> Hand discomfort-examinee complains of pain in both hands. She's not able to make a [fist] well with the right or left hand. Fingers seem somewhat [] stiff. Fine motor movements particularly on the left are restricted. Pincer function fair bilaterally.

*Id.* Dr. Reuter then requested laboratory studies. *Id.*

Additionally, in a Medical Source Statement of Ability to Do Work-Related Activities (Physical), Dr. Reuter opined Plaintiff can lift up to ten pounds occasionally (up to 1/3) due to her hand pain. *Id.* at 419. Dr. Reuter further opined Plaintiff could occasionally perform reaching, handling, fingering, feeling, push/pull occasionally with each hand. *Id.* at 715. Dr. Reuter did not identify the particular medical or clinical findings which supported his assessment nor state why the findings supported his assessment. *Id.* Dr. Reuter also noted postural (climbing, balancing, stooping, kneeling, crouching, and crawling) and environmental limitations due to Plaintiff's knee pain. *Id.* at 716–717.

In her decision, the ALJ considered Dr. Reuter's report but found it unpersuasive. Tr. at 22–24. The ALJ found that "the severity of Dr. Reuter's limitations is inconsistent with the totality of the evidence." *Id.* at 23. According to the ALJ, the "treating records do not support significant limitations secondary to physical impairments beyond hypertension." *Id.* This determination by the ALJ forms the basis for Plaintiff's objections. *See* Docket No. 13 at 5 ("The ALJ owed a duty

to the Plaintiff to properly consider the limitations with her hands which would prohibit medium work.").[3]

Here, Plaintiff argues the ALJ should have applied additional limitations to Plaintiff's RFC based on her hand limitations. *See* Docket No. 13 at 1. Plaintiff states the ALJ's decision is not supported by substantial evidence essentially because the ALJ erroneously discounted Dr. Reuter's consultative examination. *See id.* at 2. However, the Fifth Circuit has made clear that ALJ's are "free to reject the opinion of any physician when the evidence supports a contrary conclusion." *See Hollinger v. Kijakazi*, No. 20-61103, 2021 WL 3775376 (5th Cir. Aug. 25, 2021) (citations omitted).

In finding Dr. Reuter's opinion not persuasive, the ALJ stated "[i]t appears that Dr. Reuter relied substantially on the claimant's subjective representation" when evaluating Plaintiff's hand pain. Tr. at 23. The ALJ specifically noted that while Dr. Reuter diagnosed the claimant with "hand discomfort," it was without any diagnostic support. *Id.*; *see* Tr. at 715. "A medically determinable impairment must be established by acceptable medical sources." *Carter v. Comm'r of Soc. Sec. Admin.*, No. A-24-CV-850-RP-ML, 2025 WL 2203080, at *3 (W.D. Tex. Mar. 31, 2025), *R&R adopted*, 2025 WL 2202372 (W.D. Tex. Aug. 1, 2025) (citing 20 C.F.R. § 404.1513(a)). Accordingly, a plaintiff's own "subjective complaints, without supporting objective medical

---

[3] Plaintiff also argued that the ALJ "found that Plaintiff cannot perform her past work as a hair braider at the light exertional level; however, she found Plaintiff could perform medium work using her hands frequently, not occasionally. This error is prejudicial and not harmless." *See* Docket No. 13 at 3. This argument can be readily dismissed because the basis for the ALJ's finding that Plaintiff could not perform her past work was that "claimant performed [the work] as a specific vocational preparation level of 4-semiskilled[.]" Tr. at 24. However, the job, as it exists in the national economy according to DOT listings, is "hair stylist," which requires a specific vocational preparation level of 6-skilled. *Id.* In other words, Plaintiff was unable to perform past relevant work because she lacks the requisite skill level—not because of the exertional level required in that position. *See id.*

evidence, are insufficient to establish disability." *Id.* (citing 20 C.F.R. §§ 404.1508, 404.1528, 404.1529). In this case, the ALJ found there was not enough objective medical evidence to confirm the severity of Plaintiff's claimed hand pain. *See* Tr. at 24. Instead, the ALJ found that "the current treatment records reflect mostly normal findings upon objective examination." *Id.*

The ALJ's finding is supported by substantial evidence. Plaintiff's medical records span 425 pages, dating from 2019 to 2023. *See* Tr. at 296–719. In those records, there are only two instances where Plaintiff complains of hand pain: (1) Dr. Reuter's consultative exam after the hearing and (2) Plaintiff's visit to Genesis PrimeCare in February 2022. *See id.* at 658, 711. An ALJ is permitted to discount a plaintiff's representations of her own limitations when the plaintiff sought only limited treatment for the claimed ailment. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (stating an "ALJ [is] not precluded from relying upon the lack of treatment as an indication of nondisability"); *see also Turner v. Commissioner of Social Security*, No. 6:22-CV-482-KNM, 2024 WL 778392, at *7 (E.D. Tex. Feb. 26, 2024) (noting that an ALJ can rely on a lack of treatment to conclude that the plaintiff's limitations are not as severe as alleged). Therefore, the fact that there are very few instances of Plaintiff reporting any issue with her hands—despite numerous examinations by doctors—can be properly used as evidence to discount Plaintiff's subjective representations of her own limitations.

Additionally, Plaintiff did not obtain a diagnosis of an objective medical disease or injury at either of those two visits. During her Genesis PrimeCare visit in February 2022, Plaintiff was diagnosed with "[l]eft arm weakness." *See* Tr. at 672.[4] When Dr. Reuter examined Plaintiff after

---

[4] The Court notes that Plaintiff tested positive for both amphetamines, cannabinoids, and methamphetamine at this visit, and was "barely holding her eyes open" and "rocking back and forth" during her examination. Tr. at 660. This was specifically noted by the ALJ in finding the March 2023 medical record unpersuasive. Tr. at 22.

Page **10** of **12**

the hearing, his impression included "[h]and discomfort." *Id.* at 711. Plaintiff was not, however, diagnosed with carpal tunnel syndrome, osteoarthritis in the hands, or any other disease/injury that was more substantial than a recitation of Plaintiff's subjective complaints to her doctors. *Id.* at 672, 711. This, coupled with Plaintiff's limited complaints of hand pain over the course of her medical history, provided the ALJ with substantial evidence to discount these two complaints and conclude that Plaintiff's hand limitations are not as severe as alleged.

The ALJ also considered other evidence of record. Specifically, the ALJ explained as follows:

> Additionally, the undersigned notes that function reports and hearing testimony primarily indicate limitations secondary to mental impairment, not so much with supportable physical impairment. Of note, the claimant lived alon[e], had no problems noted with personal care, and assisted with household chores. She further reported that she worked as a hair stylist from her home in 2020 through 2022, but stopped secondary to carpal tunnel, which she says requires surgery. There were no significant objective findings and/or diagnostic tests to confirm carpal tunnel issues.

*Id.* at 23. Plaintiff's own reported daily activities, which would reasonably require functional use of the hands, provide further support for the ALJ's RFC assessment.

In sum, Plaintiff's objections are without merit. Under a substantial evidence standard, whether or not it might be possible to evaluate evidence differently and/or possibly reach a different conclusion is immaterial. *See* 42 U.S.C. § 405(g); *Brown*, 192 F.3d at 496. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). For there to be a finding of no substantial evidence, there must be a conspicuous absence of credible choices or no contrary medical evidence. *See Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983). That is not the case here. Substantial evidence and applicable authority support the ALJ's August 16, 2023 decision.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 13) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 12) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Commissioner's decision in the above-captioned civil action is **AFFIRMED**.

**So ORDERED and SIGNED this 25th day of September, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE